## In re FORD MOTOR CO. E–350 VAN PRODUCTS LIABILITY LITIGATION (NO. II)

### No. MDL–1687.

Judicial Panel on Multidistrict Litigation.

June 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL * and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of five actions pending, respectively, in the Northern District of Alabama, Western District of Arkansas, Central District of California,

---

* Judges Keenan and Vratil took no part in the decision of this matter.

Northern District of Illinois, and District of New Jersey as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by common defendant Ford Motor Company (Ford) for coordinated or consolidated pretrial proceedings of these actions in the District of New Jersey. Plaintiffs in all five actions support the motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that Ford's E-350 extended passenger vans and certain other fifteen-passenger Ford vans have a design defect that leads to an unusually high rollover rate when the vans are fully occupied. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the agreement of moving defendant and responding plaintiffs to transfer under Section 1407 to the District of New Jersey, this district stands out as an appropriate transferee forum for this litigation. The action in the District of New Jersey has been pending for over one year, and discovery has commenced in that action, while the other actions have been pending only a few months.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Harold A. Ackerman for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL-1687—In re Ford Motor Co. E-350 Van Products Liability Litigation (No. II)*

*Northern District of Alabama*

*New Bethlehem Baptist Church v. Ford Motor Co.,* C.A. No. 2:05–519

*Western District of Arkansas*

*Eleventh Street Baptist Church v. Ford Motor Co.,* C.A. No. 4:05–4020

*Central District of California*

*Greater All Nation Pentecost Church of Jesus Christ v. Ford Motor Co.,* C.A. No. 2:05–1765

*Northern District of Illinois*

*Pentecostal Temple Church of God in Christ v. Ford Motor Co.,* C.A. No. 1:05–1340

*District of New Jersey*

*Social Clubhouse, Inc. v. Ford Motor Co.,* C.A. No. 2:03–4558